## BOARD OF COMMISSIONERS OF CREEK COUNTY v. ROBINSON.

No. 19222.  Opinion Filed Oct. 15, 1929.

Rehearing Denied Nov. 26, 1929.

W. F. Pardoe, Co. Atty., by Leroy J. Burt, Asst. Atty., for plaintiff in error.

R. K. Robertson, for defendant in error.

HALL, C. The principal question for consideration in this case is whether or not the superintendent of health can recover a judgment against the county for compensation where the excise board of the county in which he is acting as such officer has neglected and failed to make an appropriation therefor; and also where the acts of said superintendent of health are without the sanction of the board of county commissioners.

The essential facts in the case are as follows: Dr. W. P. Robinson was regularly appointed superintendent of public health for Creek county in this state. He derived his appointment from the State Health Officer. The excise board of Creek county for the fiscal year under consideration made no appropriation to compensate the county health officer or defray any of the expenses of the office. Nevertheless, the superintendent, Dr. Robinson, proceeded to function as such officer just as if an appropriation had been made for his compensation. Pursuant to the statutes and rules and regulations, he filed quarterly reports with the county commissioners, and filed his claims for each month, The claims were disallowed. At the end of the fiscal year he brought this action to recover on all of his claims. Judgment was rendered in his favor, and the county, through its board of county commissioners, appealed.

At the trial it was stipulated and agreed between the parties that no provision was made by the excise board for salary or expenses of the county superintendent of public health, for the fiscal year involved; that no agreement written, verbal, or otherwise,

was entered into between the board of county commissioners and the county superintendent of health regarding any matter pertaining to the suppression of epidemics or otherwise, and that no rules or regulations were formulated by the board of county commissioners to be observed by the superintendent of public health.

It is the contention of the defendant in error, and perhaps the theory of the court below, that by reason of the fact that the Legislature has created the office of county superintendent of health and provided a salary for the work actually performed, the case falls within the rule announced and adhered to by this court in the case of Smartt, Sheriff, v. Board of County Commissioners of Craig County, 67 Okla. 141, 169 Pac. 1101, which case expressly (especially in the case of a constitutional officer) holds that it is not within the power of the board of excise to so limit the estimate and appropriations as to deprive the officer of authority to go into a court and obtain judgment against the municipality, regardless of the language of section 26 of article 10 of the Constitution. In other words, it is the contention of defendant in error, and the trial court so held, that the failure of the excise board to provide revenue for the county superintendent of health would not deprive him of the right to the maximum compensation as provided by the statutes.

On the other hand, it is the contention of plaintiff in error that the failure of the board of county commissioners to make an appropriation for the office or position of county superintendent of public health rendered the courts without authority to render judgment against the county for any sum whatever.

The question presented is not one without its difficulties and complexities. Nothing, perhaps, could be accomplished by any attempted analysis, or by any extended discussion of the numerous cases decided by this court from almost its inception down to the present time, directly or indirectly relating to the question of the liability or nonliability of a municipality for indebtedness in excess of the limit provided by section 26, art. 10, of the Constitution, which provides, among other things, as follows:

"(1) No county, city, town, township, school district, or other political corporation, or subdivision of the state shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose; (2) nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount including existing indebtedness. in the aggregate exceeding five per centum of the valuation of the taxable property, therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness. * * *"

The case of Smartt v. Board of County Commissioners was somewhat criticized by this court in the recent case of Eaton, Treasurer, v. St. L. & S. F. Ry. Co., 122 Okla. 143, 251 Pac. 1032; and by reason of the conclusions reached in this case, the force of the opinion in the former case, to some extent, was impaired. However, regardless of the decision in Smartt, Sheriff, v. Board of County Commissioners, supra, we are of the opinion that the court in the present case was in error in rendering judgment in favor of plaintiff. Assuming, for the purposes of this case, that the rule announced in the Smartt Case is the established law, still we are of the opinion that the governing statute, that is, the statute which provides for compensation of the county superintendent of public health, is not such a statute as comes within the purview of the case of Smartt, Sheriff, v. Board of County Commissioners, supra; and that whatever indebtedness may be created pursuant to this statute is not a compulsory indebtedness, but strictly a voluntary indebtedness. The governing statute is section 8680, Comp. Stat. 1921, and reads as follows:

"The county superintendent of public health shall be paid the sum of $5 per day for the time actually and necessarily served, to be paid by the board of county commissioners, and payable quarterly out of the salary fund of the county; Provided, that in no case, except as provided in this act, shall the county commissioners allow or pay, in counties of not more than 10 000 inhabitants, more than $200 per annum; * * * and in counties over 50,000, more than $1,500 per annum: Provided, further, that should an emergency exist on account of dangerous epidemics, the county superintendent of public health and the board of county commissioners may make such provisions, rules, and regulations as may be necessary under such conditions, to prevent the spread of such dangerous epidemics, and shall have full power to compel submission to any rules and regulations that they may deem for the best interests of their community to stamp out or prevent the spread of such epidemic. In addition thereto, the board of county commissioners may allow and pay the actual and necessary expenses contracted in the discharge of the duties of the superintendent

of public health when attempting to control and prevent the spread of any epidemic."

It has been expressly held by this court in the case of Eckles v. Board of County Commissioners of Hughes County, Oklahoma, 112 Okla. 33, 239 Pac. 567, that the county superintendent of public health can recover no compensation nor expenses incurred by reason of the existence of an emergency described in the proviso clause of the above section of the statutes. In other words, the court expressly held that, the county superintendent of health having consumed all of the appropriation already made for the fiscal year, which appropriation was consumed by his salary claims, he could not make an additional charge against the county on the grounds of the existence of an emergency without strictly pursuing the provisions of the statutes which provide a concerted action between the said superintendent of health and the board of county commissioners.

It must be observed that this statute provides, not a fixed salary for the superintendent of public health, but provides compensation of $5 per day for the time **actually** and **necessarily served.** The Legislature did not contemplate that a county superintendent of health in every case would put in his full time in the discharge of these duties. It therefore provided compensation in the sum of $5 per day without expenses for the time actually served; and provided that his claims should be filed quarterly, and presented to the board of county commissioners, which board would subject the claims to investigation to determine their correctness or incorrectness. The statute also provides the maximum amount which the county commissioners cannot exceed in any particular county. As we read this statute, we think it does not fall within the class of legislation creating such offices as sheriff or county treasurer, and providing compensation therefor. But, instead, under the above section of the statutes quoted, we think the county superintendent of public health falls within the classification of officers, such as a county farm agent, or that class of officers whose authority, of course, exists by virtue of the Legislature, as the authority of all officers exists by such authority or by the Constitution, but whose compensation and extent thereof are wholly dependent upon the action of the excise board in providing revenue from which they may derive compensation. If the Legislature had intended that an indebtedness against the county could be created independently of the action of the board of excise, no provision would have been made for a concurrent action on the part of the county commissioners and the county health superintendent in incurring expenses in suppressing dangerous epidemics.

The present case illustrates the evil which we think the statute was intended to prevent. For example, Creek county has a population in excess of 50,000 inhabitants, and the maximum compensation for the county superintendent of public health is $125 per month. It is significant that every claim filed by the doctor in this case was for the sum of $150. Some of his claims were for 25 days, just enough to consume the $125. He then supplemented the claim with items of expenses for clerical help and for the use of his own automobile. Some of his accounts show less than 25 days; for instance, 24 days, but that month he needed more clerical help and more charges on his personal car. One month he put in only 22 days, which was $110, but his clerical help for that month was $20, and the use of his car was increased to $20, which consumed the entire $125 and $25 besides. For another month 20 days were consumed in his duties, which was $100; clerical help increased to $25, and his personal car increased another $5, which made the sum $25, aggregating the total sum of $150.

These matters are mentioned because the Legislature, in providing conditional compensation, must have necessarily considered the importance of vesting the county commissioners and the excise board with some discretion regarding the amount that should be appropriated and expended in connection with such office.

It will be observed that no expenses whatever are authorized by the statutes, except in cases of epidemics, the board of county commissioners are permitted to pay expenses of the superintendent and provide all necessary expenses for the suppression of epidemics.

For the reasons herein stated, the judgment of the trial court is hereby reversed, with directions to enter judgment for defendant.

BENNETT, HERR, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.