## BOARD OF COM'RS OF OKMULGEE COUNTY v. ALEXANDER.

No. 22578.   March 12, 1935.

Rehearing Denied April 2, 1935.

James W. Irwin, for plaintiff in error.

Hepburn & Hepburn, for defendant in error.

BUSBY, J.   This is an appeal from a judgment of the district court of Okmulgee county in favor of the defendant in error, as plaintiff, and against the plaintiff in error, as defendant.   The parties will be referred to as they appeared in the trial court.

The plaintiff brought this action against Okmulgee county through its county commissioners, as defendants, to obtain a judgment for alleged services rendered the county for medical and surgical aid and attention to the poor of Okmulgee county under

an alleged appointment from the county commissioners in 1923, as physician to the county jail and with authority to furnish medical aid to the poor of the county. It is alleged in the plaintiff's petition that the services for which suit was brought were rendered between the dates of December 1, 1925, and September 6, 1929. An itemized statement was attached to the plaintiff's petition. It is further alleged that the claims had been presented to the board of county commissioners for payment and that payment had been refused.

The defendant demurred to the plaintiff's petition on the ground that it did not state a cause of action in favor of the plaintiff and against the defendant. The demurrer was overruled and the defendant answered, pleading general denial and the statute of limitation. The answer further alleged that there were no funds available with which the services could be paid and for the reason that the appropriation which had been made for the fiscal year out of which such accounts could be paid had already been paid out and exhausted when the claims were presented for payment. The cause was tried to the court and judgment rendered for the plaintiff. The defendant appealed.

The defendant introduced into the record a summary statement alleged to have been prepared from the records of the county clerk's office in which it is attempted to be shown that upon the dates upon which each of the plaintiff's services was rendered and the dates upon which the claims were filed, the funds out of which they could have been paid were exhausted. The plaintiff contended that the summary presented does not show such condition as to the funds. This court will not take the time to examine each item of the summary and check same against the accounts upon which the plaintiff based his suit to ascertain its accuracy. The burden was upon the plaintiff to show there were funds available or had been provided for to pay for such services rendered and to be rendered under the appointment and that such funds were on hand or had been otherwise expended. This the plaintiff failed to do. Neither did the the plaintiff show that the summary was incorrect. This court will therefore assume that the summary is correct as testified to by the county clerk, from whose records the summary was made.

At the trial of the cause, it was the plaintiff's contention that it was immaterial whether or not funds had been provided for to pay for such services, or were on hand at the time the services were rendered or the claims presented. It was contended that the services rendered for which suit was brought were of such a nature as would make the county liable in any event. There was no allegation in plaintiff's petition to the effect that a separate appropriation had been made or requested each year to provide funds out of which claims for his services could be paid and that his contract for services and his account for services rendered, was within the income and revenue provided for the several fiscal years in which services were rendered. There was no attempt on part of the plaintiff to observe the provisions and requirements of chapter 106, S. L. 1925, relative to bringing suits against municipalities.

The court found in part "that at the date each of defendant's accounts were filed with the county clerk, and at the date each was rejected and also the date on which many of the services were performed, said appropriation or fund was exhausted, but the court holds that the services for which plaintiff is suing were mandatory upon the county, and that all of the items of his account were mandatory services and expenses, and that the fact that the appropriation or fund out of which same was payable was exhausted constituted no defense to this action. * * *"

It is very evident that the trial court in its holding, and the plaintiff during the trial and upon appeal, based the plaintiff's right to a judgment upon the holding of this court in the case of Smartt, Sheriff, v. Board of Commissioners of Craig County, 67 Okla. 141, 169 P. 1101. We cannot agree with this contention. Neither is it sustained by the pleadings or testimony. The testimony of the plaintiff shows that he administered to the inmates of the county jail and to the poor of the county wherever found or wherever called and that he exercised to a great extent his own judgment and discretion. His testimony further shows that he had been administering such services since his appointment by the county commissioners in 1923, and that the particular services rendered for which suit was brought were rendered between the dates of December 1, 1925, and September 6, 1929. It is not alleged in the plaintiff's petition or shown in the testimony that any subsequent appointment or employment had ever been made by the county commissioners of Okmulgee county. The testimony of the plaintiff shows that during the years 1925-1926 he collected from the defendant county

for such services the sum of $1,637, and during the year 1926-1927 he received the sum of $2,032 for similar services, and that on January 8, 1927, the plaintiff recovered a judgment against the county for the additional sum of $861. Since the plaintiff's suit is based upon account for services rendered between the dates of December 1, 1925, and September 6, 1929, it at least presents a confusing situation not satisfactorily explained by the record.

The interpretations by this court upon the authority and restrictions provided in section 26, art. 10, of the state Constitution, relative to taxation and expenditure of funds by the political subdivisions of the state have been adhered to by this court in the cases of Protest of Kansas City Southern Ry. Co., 157 Okla. 246, 11 P. (2d) 500; Protest of Carter Oil Co., 148 Okla. 1, 296 P. 485; Excise Board of Carter County v. Chicago, R. I. & P. Ry. Co., 152 Okla. 120, 3 P. (2d) 1037; Kerr, Co. Clerk, v. State ex rel. Wimbish, Co. Atty., 33 Okla. 110, 124 P. 284, and other cases cited therein.

The only apparent intervention thereof is the holding by this court in the case of Smartt, Sheriff, v. Board of County Commissioners of Craig County, supra, involving the want of proper appropriation for the performance of constitutional governmental functions, and the additional holdings by this court based on the doctrine therein enunciated, and in none of which has the doctrine been extended. In Hume v. Wyand et al., 68 Okla. 261, 173 P. 813, this court held:

"Constitutional provisions, such as section 26, art. 10, Williams' Constitution, do not apply to those liabilities which are not voluntarily incurred, but are imposed upon the municipality by the sovereign power, as expressed in the Constitution and the valid acts of the Legislature."

In Board of Com'rs of Creek County v. Robinson, 140 Okla. 142, 282 P. 299, the plaintiff had been duly appointed county superintendent of public health under the provisions of section 8672, C. O. S. 1921 (4448, O. S. 1931), and claimed for services rendered under the provisions of section 8680, C. O. S. 1921 (7770, O. S. 1931), providing for his pay at $5 per day for time actually and necessarily performed to be paid out of the salary fund. The excise board made no appropriation for the payment of this salary, and the claim for such services was disallowed. A judgment was recovered in the district court and on appeal to this court it was held:

"Where the county excise board fails to make an appropriation or provide funds for the compensation of the county superintendent of health, his claims for any services which he may have rendered as such officer must be disallowed; and the courts are without authority to render judgment against the county on said claims"

—and making a distinction between legislative and constitutional governmental functions, this court said:

"Assuming, for the purpose of this case, that the rule announced in the Smartt Case is the established law, still we are of the opinion that the governing statute, that is, the statute which provides for compensation of the county superintendent of public health, is not such a statute as comes within the purview of the case of Smartt, Sheriff, v. Board of County Commissioners, supra; and that whatever indebtedness may be created pursuant to this statute is not a compulsory indebtedness, but strictly a voluntary indebtedness."

The plaintiff further cites as controlling herein the case of Board of Com'rs of Garfield County v. Enid Springs Sanitorium & Hospital, 116 Okla. 249, 244 P. 426, wherein this court held:

"The county commissioners of this state are by statute made overseers of the poor (section 8211, C. O. S. 1921). While exercising such duties the statute imposes upon them a positive obligation to see that the poor are properly and promptly relieved and taken care of in the manner provided by law (section 8212, C. O. S. 1921).

"The general rule is that in cases of emergency, attendance of a pauper, a physician may hold the county liable although he acted without the request or the consent of the persons designated by statute as overseers of the poor, where such poor person requires the immediate attention of a physician who renders services to relieve the necessity; and where it appears that the board of county commissioners was not in session at the time, and that notice could not have been given to the board of county commissioners before rendering necessary medical and surgical services, the physician and surgeon may recover reasonable compensation from the county within the limit of the fund provided by law for such purpose."

That decision settles no question presented in the instant case. This case presents no question of implied duty or services performed thereunder when there were funds on hand with which to pay same. The question of exhausted funds was not before the court in the decision cited.

In the instant case, it is not shown that

the employment or the services anticipated or rendered for which suit was brought were in furtherance of a constitutional governmental function coming within the doctrine announced in the Smartt Case. The office created, as well as the duties prescribed therefor, was by legislative enactment, as shown by the provisions of sections 7542, 7543, 7544, and 3290, O. S. 1931.

We think the pleadings and the testimony conclusively show that the plaintiff failed to allege or prove a cause of action against the defendant. That the services of the plaintiff were rendered as shown by the itemized statement is not questioned. The trial court found that at the date when a great portion of the services were rendered, there were no funds with which to pay same, and that a great portion of the services performed were shown to have been performed more than three years before suit was filed. It is nowhere shown that an appropriation was made for the special purpose of paying the plaintiff for services to be performed and that such fund had been otherwise exhausted, or that a request on his part was made for such appropriation. The appropriation for various purposes made by the defendant county, and out of which the plaintiff's services were being paid from year to year, being exhausted, the county could not become indebted to any amount exceeding in any year the income and revenue provided for that year, without the vote of the people. Section 26, art. 10, Constitution of Oklahoma.

The judgment of the trial court is not sustained by the clear weight of evidence, and for the reasons herein expressed, the judgment is reversed.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.