## CHICKASAW LUMBER CO. v. BOARD OF COM'RS OF STEPHENS COUNTY.

No. 25808.   June 4, 1935.

Rehearing Denied July 16, 1935.

Jones & Clift, for plaintiff in error.

J. W. Marshall and William Brown, for defendant in error.

BAYLESS, J.  Chickasaw Lumber Company, a corporation, plaintiff below but plaintiff in error herein, appeals to this court from the judgment of the district court of Stephens county, Okla., sustaining the demurrer to plaintiff's petition and amended petition filed by the board of county commissioners of Stephens county, Okla., defendant below but defendant in error herein. The parties will be referred to in this opinion as they appeared in the trial court.

Plaintiff sued upon an open account for goods and wares sold and delivered by it to defendant during the year 1929-30, on oral contract. The petition alleged, in substance, the sale and delivery of the goods; that an appropriation for that purpose had been made and there were sufficient funds in the appropriation at the time of the sale and delivery to pay the account; that claim therefor had been presented to the commissioners and disallowed by them; and an itemized statement was attached. A general demurrer was filed by the defendant. When the trial court had sustained this demurrer, the plaintiff elected to stand thereon and refused to plead further; whereupon judgment was rendered against it.

There is but one question presented and argued, to wit: Were sections 1 to 4, chap. 49, S. L. 1925 (later repealed and re-enacted as chapter 32, art. 1, S. L. 1931), constitutional?  This all goes to the Act of 1925, supra.

Plaintiff, in effect, admits that the orders for these goods were not presented to the county clerk or certified by him to be within the unincumbered appropriation for that purpose. Plaintiff contends that the sections of the Act of 1925, supra, were unconstitutional and it was unnecessary for it to comply therewith; and cites Walker-Taylor Co. v. Board of County Commissioners of Oklahoma County, 125 Okla. 226, 257 P. 324; Board of County Commissioners of Carter County v. Landrum, 163 Okla. 199, 21 P. (2d) 736. From an examination of these cases it will be observed that only section 5 of the article was held to be unconstitutional.

The question herein has been decided adversely to the contention of plaintiff in the recent case of Western Paint & Chemical Co. v. Board of County Commissioners of Washington County, 171 Okla. 302, 42 P.

(2d) 533. We see no reason for departing from the rule announced therein.

Judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and GIBSON, JJ., concur.