## TRUDGEON v. BOARD OF COM'RS OF McCLAIN COUNTY et al.

No. 26889. May 11, 1937.

Roy Glasco, for plaintiff in error.

E. Smith Hester, County Attorney, for defendant in error.

Rainey, Flynn, Green & Anderson, for intervener.

WELCH, J. The parties will be referred to as plaintiff and defendant, as they appeared in the trial court.

Plaintiff sought judgment against the county upon certain claims theretofore filed and disallowed by the board of county commissioners. The trial court rendered a general judgment in favor of the defendants, from which judgment the appeal is taken.

Plaintiff sought judgment of $3,578.99 for lumber, steel, cement, gravel, and other material alleged to have been furnished the county for county highway purposes, between the dates of December 28, 1929, and December 2, 1930. Claim therefor appears to have been filed September 2, 1930, and disallowed by the county commissioners on December 3, 1930. It is admitted in connection with this claim that there was no compliance with chapter 49, S. L. 1925 (repealed by Laws 1931, c. 32), in that no purchase orders were submitted to the officer charged with keeping the expenditure records of the county, and that such officer did not certify that there was an unencumbered balance in an appropriation made for the purpose by the excise board. Such purported claim will not support a cause of action against a municipality of this state. Western Paint & Chemical Co. v. Board of Com'rs of Washington County, 171 Okla. 302, 42 P. (2d) 533, and Chickasaw Lumber Co. v. Board of Com'rs of Stephens County, 173 Okla. 197, 47 P. (2d) 137.

Plaintiff sought further judgment of some $4,300 upon some 40 claims for work and labor alleged to have been performed

on the county highways by various and divers persons, which claims had been assigned to the plaintiff. Practically all of these claims appear to have been filed during the latter part of the fiscal year 1929-30, and appear to have been claims for labor performed upon the county highways during the latter portion of such fiscal year. These claims were disallowed by the board of county commissioners in December, 1930. The record of the board of county commissioners disallowing such claims would indicate that the same were disallowed by reason of insufficient funds.

With reference to the group of claims representing the performance of day labor, it is contended that section 1, chapter 49, S. L. 1925, does not apply, and it is contended further by the plaintiff that his evidence establishes the fact that at the time the contracts were made and performed there was a sufficient unexpended appropriation for the specific purpose of paying the same.

The defendants contend that the cited provision of the 1925 Session Laws does apply and dispute the contention that plaintiff's evidence establishes that at the time the labor contracts were made and performed there was an unexpended balance of appropriations for the purpose of paying the same. Defendants also assert that the plaintiff wholly failed to comply with chapter 106, S. L. 1925, which sets forth certain requirements of proof in cases of this nature before judgment may be rendered against the municipality.

We have given the briefs and the record careful consideration, and are convinced that the plaintiff has failed to prove that at the time the contracts for labor were entered into there was an unexpended and unencumbered balance of appropriation for the specific purpose of the employment of such labor. To the effect that such an unexpended and unencumbered balance of appropriation must be shown, see Austin Western Road Mach. Co. v. Board of County Com'rs of Carter County, 160 Okla. 232, 11 P. (2d) 117, and Board of County Com'rs of Payne County v. Standard Accident Insurance Co., 172 Okla. 355, 45 P. (2d) 459. That it is encumbent upon the plaintiff to make such proof to sustain his alleged cause of action, see Board of County Com'rs of Okmulgee County v. Alexander, 171 Okla. 288, 42 P. (2d) 884. It is true that the plaintiff introduced evidence in the form of a statement prepared from the records of the county clerk, which statement is admitted to be correct. This statement deals with the aggregate amount of the several items of appropriation for highway purposes and states the following facts with reference thereto for the fiscal years 1929-30 and 1930-31, respectively:

| | | |
|---|---:|---:|
| The McClain County Highway Fund approved Sept. 5, 1929, by the McClain County Excise Board, was (Total) | | $79,698.95 |
| **(1929)** | | |
| Warrants issued in July 1929 | $00,000.00 | |
| Balance Aug. 1st. | | 79,698.95 |
| Warrants issued in Aug. 1929 | 4,944.12 | |
| Balance Sept. 1st | | **74,754.83** |
| Warrants issued in Sept. 1929 | 7,040.05 | |
| Balance October 1st | | 67,714.78 |
| Warrants issued in Oct. 1929 | 6,417.75 | |
| Balance Nov. 1st | | 61,297.03 |
| Warrants issued in Nov. 1929 | 14,102.84 | |
| Balance Dec. 1st | | 47,194.19 |
| **(1930)** | | |
| Warrants issued in Dec. 1929 | 17,711.10 | |
| Balance Jan. 1st | | 29,483.09 |
| Warrants issued in Jan. 1930 | 4,788.13 | |
| Balance Feb. 1st | | 24,694.96 |
| Warrants issued in Feb. 1930 | 1,402.18 | |
| Balance Mar. 1st. | | 23,292.78 |
| Warrants issued in Mar. 1930 | 2.286.22 | |
| Balance April 1st | | 21,065.96 |
| Warrants issued in Apr. 1930 | 2,998.79 | |
| Balance May 1st | | 18.067.17 |
| Warrants issued in May 1930 | 2,146.59 | |
| Balance June 1st | | 15,902.58 |
| Warrants issued in June 1930 | 9,171.31 | |
| Balance July 1st | | 6,749.27 |
| Warrants issued in July 1930 | 6,703.89 | |
| Balance Aug. 1st | | 45.38 |
| The total amount of the appropriation for the year 1930-31 approved by the County Excise Board on October 6, 1930, was (Total) | | 63,414.58 |
| Warrants issued in July, 1930 | 0,000.00 | |
| **Balance Aug. 1st** | | **63,414.58** |
| Warrants issued in Aug. & Sept. | 10,869.35 | |
| Balance Oct. 1st | | 53,544.59 |
| Warrants issued in Oct. 1930 | 5,478.35 | |
| Balance Nov. 1st | | 47,066.24 |
| Warrants issued in Nov. 1930 | 775.88 | |
| **Balance Dec. 1st** | | **45,290.36** |
| **(1931)** | | |
| Warrants issued in Dec. 1930 | 10,977.20 | |
| Balance Jan. 1st | | 35,313.16 |
| Warrants issued in Jan. 1931 | 6,617.64 | |
| Balance Feb. 1st | | 28,295.52 |
| Warrants issued in Feb. 1931 | 7,501.63 | |
| Balance Mar. 1st | | 21,193.89 |
| Warrants issued in Mar. 1931 | 6,093.68 | |
| Balance Apr. 1st | | 15,100.11 |
| Warrants issued in Apr. 1931 | 8,493.80 | |
| Balance May 1st | | 6,606.31 |
| Warrants issued in May 1931 | 3.998.90 | |
| Balance June 1st | | 2,607.41 |
| Warrants issued in June 1931 | 1,653.38 | |
| Balance July 1st | | 954.03 |
| Warrants issued in July 1931 | 700.08 | |
| Balance Aug. 1st | | 253.95 |

This statement falls far short of disclosing any specific item of appropriation which might have been available for the payment of any one of the claims involved; it fails to show the amount of the items of any such appropriation against which war-

rants had already been issued at a given date, and in addition thereto, it fails to show whether or not there may have been valid outstanding contracts against a specific appropriation which would be a legal encumbrance thereon. Although we observe other testimony which gives some information concerning the itemization of the appropriations, we are unable to gather therefrom sufficient information to determine whether or not there was an unexpended and unencumbered balance of appropriations for the specific purpose involved as concerns any of the labor claims.

In Graves v. Board of Com'rs of Cimarron County, 170 Okla. 282, 39 P. (2d) 532, we said:

"We observe what at first glance appears to be the unfairness to plaintiff of a denial of payment for services actually performed. But we are bound in this matter to a consideration of fairness to the body of taxpayers who would be required to pay any judgment granted plaintiff, and we are controlled by the law which requires any person seeking to recover money from the public treasury to point directly to his clear legal right to it before he may prevail."

Having concluded that the plaintiff failed to make the necessary proof in the above-mentioned particulars, we deem it unnecessary to discuss or determine the numerous other questions presented.

The judgment of the trial court is affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.