## SPURRIER v. BOARD OF COM'RS OF TULSA COUNTY.

No. 27438. Sept. 28, 1937.

Joe W. Simpson, for plaintiff in error.

Dixie Gilmer, Co. Atty., John F. Conway, Asst. Co. Atty., and Marie Ownby, for defendant in error.

PHELPS, J. The fiscal year for counties begins July 1st and ends June 30th of the following year. The board of county commissioners of Tulsa county, on August 6, 1934, appointed plaintiff "general investigator of all hospitalization, ambulance calls and burials charged to Tulsa county, Oklahoma, salary to be fixed by the board of county commissioners." On August 13, 1934, the board adopted a motion that plaintiff's "salary be fixed at $200 per month; that he is to pay all his expenses and start to work August 15th."

Pursuant thereto the plaintiff, who was called "County Finance Investigator" began his duties. He investigated all claims which were made against the appropriation for the poor and indigent, in connection with the county superintendent of health, and it was necessary that he approve such claims before the board would authorize payment thereof.

On January 7, 1935, the board by letter notified plaintiff and 72 other persons and firms that the appropriation was exhausted (and it was in fact exhausted) and that any supplies or services thereafter furnished by the addressees would be at their own risk. The plaintiff read a copy of this letter on the date it was written, and conferred with the members of the board individually and was again informed that the fund was exhausted, to which plaintiff replied that he would continue working anyway, hoping that the board could find some way of paying him. He continued working until July 1, 1935, the beginning of the following fiscal year, and afterward filed this action against the county commissioners to recover $200 per month salary for the period from January 15, 1935, to the end of the fiscal year, minus a small payment which had been made him on account. The judgment of the trial court was for the defendant, and the plaintiff appeals. The question is not briefed, and we do not decide, whether the commissioners had the authority, in the first place, to appoint a "county finance investigator".

The plaintiff says that the only question to be presented to this court is "whether it is possible for the county to pay this very just and honest salary debt." The answer to the question is that it is not possible for the county validly and legally to do so. The employment was on a monthly basis, not annual. It was within the power and discretion of the county commissioners to discharge the plaintiff at any time. They were not bound to retain his services for the entire year, and if the contract had been on an annual basis, or if the employment had been for a year, though payable monthly, it would have been the duty of the proper officers to earmark the year's salary against the appropriation, as in the teacher's contract case, Gentis v. Hunt, 121 Okla. 71, 247 P. 358. But such was not the case, and therefore the facts bring the controversy within the rule of Anadarko Funeral Home v. Scarth, 173 Okla. 103, 46 P. (2d) 539, Board of County Commissioners of Okmulgee County v. Alexander, 171 Okla. 288, 42 P. (2d) 884, Board of County Commissioners of Creek County v. Robinson, 140 Okla. 142, 282 P. 299, and numerous other decisions of this court, wherein it was held that where a contract does not prescribe a definite and certain total sum to become payable, but prescribes payment on a quantum basis, only that quantum of the services may be paid for as were performed up to the time that the fund became legally and validly exhausted, within the meaning of section 26, art. 10, of the Oklahoma Constitution, and that recovery for services performed after the depletion of said fund cannot be had. The quantum basis in those cases was the same in principle as the monthly salary basis in the instant case. So many opinions have been written on that question by this court that it is unnecessary to discuss the principles underlying the rule. See Anadarko Funeral Home Case, supra.

It is again urged that plaintiff should re-

---

**646**

cover by reason of the theory in Smartt, Sheriff, v. Board of County Commissioners of Craig County, 67 Okla. 141, 169 P. 1101, wherein a sheriff was permitted recovery for expenses in feeding prisoners, in excess of the constitutional limitations, upon the theory that the duty of feeding the prisoners was one devolved upon him by the Constitution and was made mandatory by the statutes, and that therefore the indebtedness incurred was "involuntary". There is no provision, either in the Constitution or statutes, making it mandatory that the board of couny commissioners employ a county finance investigator. And it has several times been held by this court that caring for the poor, or even the burial of paupers, does not come within the rule of the Smartt Case.

We think further discussion is unnecessary, and the judgment is affirmed.

BAYLESS, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.