**BOARD OF COM'RS OF TULSA COUNTY v. SUMMERS.**

No. 27674.   Nov. 9, 1937.

Rehearing Denied Nov. 23, 1937.

· Dixie Gilmer, County Atty., John F. Conway and Fred A. Fulghum, Assts. County Atty., and Marie Ownby, for plaintiff in error.

Hunt & Eagleton, for defendant in error.

CORN, J. This action was commenced in the court of common pleas in Tulsa county by Dr. C. S. Summers, and as assignee of Dr. Hugh Perry, as examining physicians on the insanity board of Tulsa county, to recover fees earned by them while acting as examining physicians and members of said board during the fiscal years of 1933-34 and 1934-35.

A specific appropriation was made for the statutory fees of the examining physicians of the insanity board, but the amount appropriated proved to be insufficient to meet the requirements, and said physicians continued to serve on the board after the appropriation was exhausted. This action was brought to recover their fees earned in the necessary performance of their official duties after the exhaustion of the appropriation for said fiscal years. Judgment was rendered for the plaintiff, and the defendant, Tulsa county, brought this appeal.

The plaintiff in error contends that the claim is not a valid debt against the county by reason of the limitation of section 26, art. 10, of the Oklahoma Constitution, which in part provides that:

"No county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof," etc.

—while the defendant in error asserts that it is a compulsory obligation of the county incurred in furtherance of a constitutional governmental function, and does not come within the operation of section 26, art. 10, of the Constitution.

The defendant in error relies upon the rule laid down in the case of Smartt, Sheriff,

v. Board of County Commissioners of Craig County, 67 Okla. 141, 169 P. 1101, as the basis of his right to recover the judgment so rendered in his favor, but he fails to show that the services rendered, for which suit was brought, were in furtherance of a constitutional governmental function coming within the doctrine announced in the Smartt Case.

In the case of Board of County Commissioners of Okmulgee County v. Alexander, 171 Okla. 288, 42 P. (2d) 884, this court held, as set out in paragraph 2 of the syllabus, as follows:

"The intention and plain purpose of section 26, art. 10, of the Constitution is to require municipalities to carry on their corporate operations upon the cash or pay as you go plan. The revenues of each year must take care of the expenditures of such year; and any liability sought to be incurred by contract, express or implied, executed or executory, in excess of such current revenue in hand, or legally levied, is void, unless it be authorized by a vote of the people and within the limitations therein provided."

The indebtedness incurred for the services above mentioned is purely a voluntary indebtedness, and the same, being in excess of the appropriation made and provided for that purpose, is void and cannot be enforced against the county.

The limitation imposed upon political subdivisions of the state relative to taxation and the expenditure of public funds has been discussed by this court in the following cases: Board of County Com'rs v. Morningside Hospital, 175 Okla. 242, 51 P. (2d) 928; Board of Commissioners of Okmulgee County v. Jenness, 178 Okla. 54, 61 P. (2d) 724; Board of County Commissioners, Creek County, v. Robinson, 140 Okla. 142, 282 P. 299; Anadarko Funeral Home v. Scarth, 173 Okla. 103, 46 P. (2d) 539; Hood v. Jones, 174 Okla. 372, 60 P. (2d) 1124; Protest of Kansas City Southern Ry. Co., 157 Okla. 246, 11 P. (2d) 500; Protest of Carter Oil Co., 148 Okla. 1, 296 P. 485; Excise Board of Carter County v. Chicago, R. I. & P. Ry. Co., 152 Okla. 120, 3 P. (2d) 1037; and other cases; and there appears to be no distinguishing feature in the instant case requiring further discussion.

The judgment of the trial court is reversed, with directions to render judgment for the defendant.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, HURST, and DAVI-SON, JJ., concur. RILEY and GIBSON, JJ., absent.