BOARD OF COUNTY COM'RS OF LE FLORE COUNTY v. BABB, Adm'r.

No. 29713. April 29, 1941.

*112 P. 2d 1085.*

Clyde Followell, County Atty., Foster Windham, Asst. County Atty., both of Poteau, for plaintiff in error.

Varner & Varner, of Poteau, for defendant in error.

ARNOLD, J. This is an appeal from the district court of Le Flore county, wherein the plaintiff obtained a judgment for the difference between the amount of salary received as deputy and the amount of such salary prescribed by the statutes of Oklahoma.

The plaintiff alleged that she was duly appointed deputy county assessor of Le Flore county and acted as such during the period of time from January 2, 1933, until January 7, 1935; that, under the law, she was entitled to receive a salary of $125 per month; that she filed claims for such salary of $125 for each month during the term she served, but that such claims were allowed only to the extent of $100 a month, which have been paid, leaving a balance for the ful term of $634.82, for which she is entitled to judgment. Prior to the trial of the case, with leave of court, plaintiff amended her petition setting forth that the claims asserted in plaintiff's petition did not exceed the amounts appropriated for the county assessor's office for the fiscal years in question. Defendant answered by way of general denial, and further alleged that the acceptance of $100 per month allowed by the defendant was a valid settlement in payment of said claims, and that she was estopped by reason thereof to recover; that the plaintiff accepted employment with full knowledge of the terms and conditions of said appointment, and the conditions of the appropriation for the payment of her salary and became bound to accept the sum of $100 per month, and is estopped from claiming any further compensation. Prior to trial the plaintiff died and said action was revived in the name of M. Babb, administrator of the estate of Bertha Ryan, deceased. On the trial of said cause, plaintiff recovered a judgment in the amount prayed for, from which judgment the defendant appeals.

The record discloses that on January 2, 1933, Bertha Ryan and Jeff Ward, Jr., were appointed by the county assessor as deputies. Thereafter, on January 25, 1933, Bertha Ryan, plaintiff, filed a claim for salary for the month of January, 1933, in the amount of $125. The claim was allowed and paid to the extent of $100. Thereafter, each month, Bertha Ryan continued to file claims for salary in the amount of $125, and the defendant continued to allow and pay her a lesser amount. Bertha Ryan was employed as deputy county assessor from the date of her appointment to January 6, 1935 (change of administration).

Section 8062, O. S. 1931, is as follows:

"In all counties in the state having not less than forty-two thousand seven hundred (42,700), and not more than forty-three thousand (43,000) population, as shown by the Federal census of 1920, the county assessor may appoint two deputies. The first deputy shall receive a salary of one hundred twenty-five (125.00) dollars per month, and a second deputy shall receive a salary of one hundred ten ($110.00) dollars per month, with the approval of the board of county commissioners."

The section of the special statute involved in this case is comprised of two separate sentences. The one with reference to salary, it will be noted, is the only one that subjects such an appointment, as herein involved, to any kind of approval by the board of county commissioners. It will also be noted that this sentence relates to only one subject, to wit: "salary". The concluding words, "with approval of the board of county commissioners," can refer to nothing except fixation of salary. The act fixed these salaries at $125 and $110 per month for the first and second deputies, respectively, unless the board of county commissioners approves same at a lesser amount. The expression in this sentence, "with the approval of the board of county commissioners," is meaningless and a nullity, unless it was intended to leave to the board of county commissioners the fixation of a smaller amount than that provided by statute. We find no other statute worded like this one. Generally, when the Legislature intends to fix a maximum salary, with the board of county commissioners or other approving board privileged to exercise the discretion of scaling such salaries downward, the words used to indicate that intention on the part of the Legislature are such as: "not exceeding", "a maximum salary of" — "shall not exceed" —"without consent of," and "subject to the approval of."

When the statutes, in question, use such indicative expressions of the in-

tention of the Legislature, it has been generally held that the salary fixed by statute is a maximum amount, and the board authorized and directed to approve such appointments, as here involved, may fix same in a lesser amount than the maximum fixed in the statute. Board of County Commissioners of Creek County v. Robinson, 140 Okla. 142, 282 P. 299.

In this case the record does not disclose any approval of the appointment of Bertha Ryan. There is one shown in the record, but it appears to be the approval of the bond of the county assessor.

For the years and months involved under the claim of M. Babb, administrator of the estate of Bertha Ryan, deceased, the board of county commissioners made its estimate and the excise board made its appropriation in accordance therewith. The excise board appropriated for the salaries of deputies in the office of county assessor, for the fiscal year 1932-33, the sum of $1,640; for the fiscal year 1933-34, $2,280, and for the fiscal 1934-35, a like sum of $2,280. Bertha Ryan, first assistant, and Jeff Ward, Jr., received monthly said appropriated funds on the basis of $100 and $90 per month, respectively: Bertha Ryan received, on the basis of her appointment as first assistant, her proportionate part of all the money appropriated by the excise board for deputies in the assessor's office for the period involved.

Bertha Ryan's appointment by the county assessor reads:

"To the Honorable Board of County Commissioners of Le Flore County Oklahoma.

"I Joe M. Page County Assessor elect of Leflore county, Oklahoma, Due to take office on the 2nd day of January 1933 hereby appoint Miss Bertha Ryan and Jeff Ward, Jr, of Poteau and Spiro, Oklahoma Respectively, As deputies to assist me in the duties of said Office, Subject to the approval of the Board of County Commissioners, Said appointment to be in keeping with the Ap-

properation of the Board of county commissioners and the Excise board, Making such deputies as above named Part time deputies.

"Joe M. Page."

Attention is called to the fact that there is nothing said in the appointment as to the salaries these deputies should receive. The county commissioners did not fix same. In this connection attention is also called to the last sentence of said appointment, which is to the effect that the salary of said deputies should be governed by the estimate of the board of county commissioners and the appropriation made thereafter by the excise board. As heretofore pointed out, the county commissioners made its estimate and the excise board made its appropriation for the purposes here under consideration and for the period involved. These actions by the board of county commissioners and the excise board are equivalent to, and effective as, a fixation of salary by the board of county commissioners at a lesser amount than the maximum salary fixed by statute. Especially is this true, in view of the fact that Bertha Ryan continuously accepted monthly compensation as tendered her. So, therefore, Bertha Ryan having received in her lifetime the compensation fixed by the county commissioners for her services as first assistant deputy county assessor, her representative, administrator herein, cannot recover in this action.

Section 7885, O. S. 1931, is not applicable herein. This section is only applicable after appointment of the two deputies referred to in section 8062, supra, which are the deputies herein involved, and a finding by the board of county commissioners that an additional deputy is necessary.

This cause is reversed, with directions to dismiss the action.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur. BAYLESS and HURST, JJ., absent.