## KANSAS CITY SOUTHERN RY. CO. et al. v. MARATHON OIL CO. et al.

No. 24963.   May 21, 1935.

James B. McDonough, E. T. Miller, and Cruce & Franklin, for plaintiffs in error.

H. G. Ross and Williams & Foster, for defendants in error.

RILEY, J. This is an appeal from a judgment in favor of the Marathon Oil Company and against Le Flore county in an action to recover on a claim for oil and gasoline alleged to have been sold by the oil company to the county.

The Kansas City Southern Railway Company and J. M. Kurn and John C. Longsdale, receivers of the St. Louis & San Francisco Railway Company, as taxpayers, asked and obtained leave to intervene and defend the action on behalf of the county, themselves as taxpayers, and all other taxpayers of the county similarly situated.

The plaintiff in its petition, as amended, alleged that between the 30th day of March and the 16th day of July, 1931, Geo. L. Ferguson, one of the members of the board of county commissioners of Le Flore county, as a member thereof, purchased oil and oil products from plaintiff in the sum of $159.44, for the use and benefit of Le Flore county, as authorized and directed by the board of county commissioners; that the purchase was within the estimate and appropriation made, set aside as approved for such purpose within the fiscal year ending June 30, 1931, and that said oil and oil products were actually used by said county in the operation of its road machinery.

An itemized account of these alleged sales was attached showing the first purchase on March 30, 1931, $3.60 and the last on July 16, 1931, $15.70.

The claim as to the last item was withdrawn, and judgment was for plaintiff in the sum of $143.74.

Defendant alleged that no valid appropriation was ever made for the fiscal year ending June 30, 1931, for supplies of the character represented in the claim sued upon, and that the claim was and is wholly illegal and void for the reason that no attempt was made to comply with the provisions of chapter 49, S. L. 1925.

The record discloses that no claim was filed with the board of county commissioners until January 14, 1933.

The only appropriation made for county highways in said county for the fiscal year ending June 30, 1931, was a single lump sum item of $101,011.92 for the first 15 items of the county highway budget. No particular amount was appropriated for any one of these 15 items. Nothing was appropriated for construction of roads and nothing for construction of bridges. It is stipulated that the lump sum appropriation was not exhausted at the time the oil and gas was furnished, viz., from March 30, to June 10, 1931.

It appears from the record that Le Flore county had for some time been operating

under the system so often criticized and condemned, of permitting each county commissioner to handle all the county highway matters within their respective districts, each commissioner purchasing such supplies as he deemed necessary for his own district. Where this method is pursued it almost always results in expenditures in excess of the appropriation, as thereunder there is no way for the county clerk, who is charged with keeping the appropriation and expenditure records of the county, to make the proper entries upon the records. This may be one of the reasons for the large judgment indebtedness of the county, shown by the financial statement in the record to be some $38,000, as of June 30, 1930, and $46,706, as of June 30, 1931.

George T. Ferguson, one of the county commissioners, testified that he ordered the oil and gas from plaintiff, and that he was authorized to do so by the board. There was no record thereof. Ferguson testified that the authority so given was oral.

The reason that the claim was not allowed was that at the time it was filed the appropriation was exhausted. It was not filed, however, until January 1, 1933. The reason why it was not filed sooner appears to be that Mr. George T. Ferguson informed plaintiff's sales agent that funds were not available, and that the claim would be allowed as soon as funds were available.

The contention is made that the claim was wholly illegal and void for the reason that no valid appropriation was ever made for county highway purposes for the fiscal year ending June 30, 1931, and that the expenditure made was therefore in excess of any appropriation.

An appropriation was made, but, as stated before, it was not itemized so as to show the amount allowed for gasoline, oil, etc.

We deem it unnecessary to pass upon the question as to the total invalidity of an appropriation of this nature in this case. Appropriations for county highway purposes made in a lump sum as in this case have often been held insufficient to support a tax levy. But in this case no ad valorem tax levy was made. The appropriation was based wholly upon estimated revenue from sources other than ad valorem. There was no occasion for any protest of the appropriation by a taxpayer under the provisions of section 12306, O. S. 1931. Said section, in part, provides:

"* * * If no protest is filed by any taxpayer as to the levy of any county or municipal subdivision thereof within said 40-day period, all appropriations and levies of said county and municipal subdivisions thereof, not protested, shall be deemed to be legal, and all proceedings for refunds or suits for refunds or recovery of taxes or to contest the validity thereof in any manner shall be barred."

The judgment must be reversed upon the second proposition, viz., that no attempt was made to comply with the provisions of chapter 49, S. L. 1925 (repealed by chapter 32 S. L. 1931 [sec. 5970, O. S. 1931], wherein certain provisions thereof were re-enacted).

Chapter 49, S. L. 1925, was in force when the first item here involved was purchased; said act was repealed on April 6, 1931, by article 1, chapter 32, S. L. 1931 (sec. 5970, O. S. 1931).

Section 1, article 1, of the latter act provides:

"County and municipal officers and boards of commissioners having authority to purchase supplies, material and equipment * * * shall submit all purchase orders and contracts to the officer charged with keeping the appropriation and expenditure records of the county or municipality, who shall, if there be an unincumbered balance in the appropriation made for that purpose by the excise board, so certify by signing the purchase order or contract."

The act then declares:

"* * * No purchase order or contract shall be valid unless within the appropriation as made for that particular and specific purpose and so certified by the officer charged with keeping the appropriation and expenditure records of the county or municipality."

Of the like provision in section 1 of chapter 49, S. L. 1925, this court, in Western Paint & Chemical Co. v. Bd. of Com'rs of Washington County, 171 Okla. 302, 42 P. (2d) 533, said:

"That was wholesome legislation designed to prevent the very thing here presented, i. e., a dual contract in value against a single sum appropriated and a resulting payment of one contract by warrants and the other by judgment."

There is no question as to the constitutionality of the act of 1931. There was no attempt to comply therewith. Thereunder none of the purchase orders made after April 6, 1931, were valid.

It is suggested that it is entirely impractical to apply said act to such purchases as gasoline and oil for a tractor used upon the public highway. That to do so the county commissioners would be required to follow the tractor around so as to be present to

purchase gasoline when the tractor tank became empty. It is not our purpose to construe the act in question so strictly as to require such an absurd thing. But it would not be impractical to comply with the law and make an appropriation in a specific sum for the specific purpose of purchasing gasoline, oil, and grease. The form prepared by the State Examiner and Inspector under item 12, under County Highway Appropriations, has a space for that particular item. If the board must insist upon allowing each commissioner to operate the highways of his district without consulting the other members, a practical method could be devised so as to keep within the legal appropriation. The evidence shows in this case that upon each delivery of gasoline and oil the man in charge of the tractor signed a receipt therefor in triplicate. It would not be impractical to file with the county clerk one copy of the receipt for each purchase. In this way the county clerk could be informed and make a record showing the condition of the appropriation at all times, and any county commissioner exceeding the appropriation could be held responsible in case he expended any amount in excess of such appropriation.

A practical application of section 6 of the act providing for the removal of officers who incur indebtedness, claims, or obligations in excess of the appropriation available therefor would go a long way toward preventing unwarranted judgments against municipalities.

The judgment is reversed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.