## OKLAHOMA NATURAL GAS CORPORATION v. CITY OF ENID.

No. 25646. Feb. 9, 1937.

Rehearing Denied March 2, 1937.

Allen, Underwood & Canterbury, for plaintiff in error.

Harry C. Kirkendall, City Attorney, for defendant in error.

Simons, McKnight, Simons, Mitchell & McKnight, for taxpayers.

GIBSON, J. The plaintiff in error, Oklahoma Natural Gas Company, plaintiff below, furnished gas to the defendant in error, city of Enid, defendant below, during the fiscal year 1929-1930 of the value of $4,275.82, of which amount the defendant has paid the sum of $2,317.32, leaving a balance unpaid of $1,958.50, for which suit was brought. There was no specific contract between plaintiff and defendant relative to the furnishing of such gas during the fiscal year in question. However, it was stipulated between the parties at the trial of this cause that the plaintiff furnished and the defendant accepted and consumed during such fiscal year the amount of gas for which this action was brought.

The record discloses that for the fiscal year in question the defendant city made, and the excise board approved, an estimate of $13,733 for electric current and fuel. At no time was any allocation or division of such appropriation made with respect to the amount thereof to be used for the purpose of electricity and the amount to be used for the purchase of fuel. It appears that this fund was properly disbursed by the city and was exhausted on March 31, 1930, except for a balance of $66.65, which balance was thereafter canceled by supplemental appropriation and placed in another fund.

It appears from the record that on February 1, 1930, the plaintiff filed its claim for gas used by the city between December 28, 1929, and January 25, 1930, in the sum of $260.62, and that claims for the balance of the amount for which suit was brought were not filed with the defendant until June 24, 1930.

The trial court rendered a judgment in plaintiff's favor for $327.27, being for the claim of $260.62 filed on February 1, 1930, prior to the time said fund was exhausted, and for the additional sum of $66.65, being the balance of said fund which was canceled by supplemental appropriation. From this judgment the plaintiff has appealed, and presents a number of assignments of error under three propositions. The first two propositions are as follows:

"Proposition I. A municipal corporation in operating a water plant is acting in its proprietary or quasi-private capacity; and its expenditures when acting in such capacity are neither subject to control by the excise board nor limited by section 26, article 10 of the Constitution of the state of Oklahoma.

"Proposition II. The provision of the Oklahoma Constitution with respect to public indebtedness has no application to that class of pecuniary obligations, mandatory in their nature, arising out of the ordinary, necessary expenses of maintaining the municipality or state government which are otherwise legal and valid."

Both of these propositions have been decided adversely to plaintiff's contention in Public Service Co. of Oklahoma v. City of Tulsa, 174 Okla. 58, 50 P. (2d) 166.

Plaintiff's third proposition is as follows:

"Proposition III. A municipality creates an indebtedness at the time it enters into a contract and supplies are furnished; and not when claims therefor are presented for payment."

It has been conceded by plaintiff that there was no express contract entered into by it with the defendant. It is plaintiff's contention, however, that since its pipe lines were already connected with the mu-

nicipal buildings of the defendant, and by reason of dealings between plaintiff and defendant in prior years, there was created an implied contract between the parties that the plaintiff would furnish such amount of gas as might be required to meet the fuel needs of the defendant during the fiscal year in question.

Assuming but not deciding that there was an implied contract between the parties under which plaintiff was to furnish gas to defendant and defendant was to pay for the gas so furnished, a contract so indefinite in its terms as not to disclose the amount to be paid out thereunder is incapable of being charged against the particular appropriation as required by sections 5970-5972, O. S. 1931. Here, if a contract existed, the amount to be paid out thereunder was uncertain until claim was filed. Hence, no liability under the alleged contract could attach to the municipality until claims were filed, and then only if the claims were drawn against an existing, unexpended appropriation made and approved for the purposes for which the claims were drawn.

The judgment of the trial court is affirmed.

OSBORN, C. J., and BUSBY, PHELPS, and CORN, JJ., concur.