**BOARD OF COM'RS OF SEQUOYAH COUNTY et al. v. OKLAHOMA CRE- OSOTED LBR. & PILING CO.**

No. 27792.   Jan. 25, 1938.

Ed. J. Armstrong, Joseph R. Brown, and James B. McDonough, for plaintiffs in error.

W. B. Wall and J. Fred Green, for defendant in error.

DAVISON, J. The Oklahoma Creosoted Lumber & Piling Company entered suit against the board of county commissioners of Sequoyah county on ten highway warrants, dated October 10, 1931, aggregating $1,387.50. All except one of the warrants were payable to the Western Paint & Chemical Company. The warrants were issued on claims for scaling and painting bridges. The plaintiff was the successor to all the assets of the Western Paint & Chemical Company, including the warrants involved herein.

The Kansas City Southern Railway Company obtained permission to intervene in the cause and filed an answer denying the validity of the warrants because the same had been issued upon invalid claims, not properly itemized, and because said claims had been incurred in excess of the appropriation.

The defendant board of county commissioners answered by general denial. The matter was tried to the court and judgment entered for plaintiff. Defendants appealed.

The principal question involved here is: Are the warrants predicated upon contracts made with the county and issued when there was an unincumbered appropriation made for that particular purpose?

All of the claims upon which the warrants were issued were dated August 10, 1931, except one, dated October 26, 1931. There is no filing date given. The claims show to have been audited and allowed September 10, 1931, on the "C. H." fund for fiscal year ending June 31, 1931, signed by the chairman of the board of county commissioners.

The purchase orders are not dated. They are merely addressed to the Western Paint & Chemical Company, Oklahoma City, stating that they are authorized to furnish the hereinafter enumerated articles. Some of them do not state to whom or when they are to be delivered or charged. The quantity required is stated in feet. The article purchased is described as, "To scale and paint bridge," giving location and price per foot and amount and signed by J. A. Taylor and

L. J. Brockman, allegedly county commissioners of Sequoyah county.

The county clerk placed his certificate thereon to the effect that the amount of the order was within the unincumbered balance of the appropriation as specified and against which the order was issued, but gave no date. There is nothing in the purchase order to show out of which appropriation the amount of the order was to be paid or in which year, except in one the date 1931 was given. The record shows that there was no appropriation left at the time the claims were dated.

The record shows that the county commissioners made no minutes of their meeting and proceedings during the years 1929-30, 1930-31, except for the months of January and February, 1930, and that no reference therein is made to any contract with the Western Paint & Chemical Company.

There is no way of telling when the contract for the material or labor was made or whether any was ever made by the board of county commissioners sitting in session for the transaction of business, or whether or not there was an unincumbered appropriation for that particular purpose when a contract was made.

It is alleged in plaintiff's petition "that each and all of said warrants were issued within the amount of the income and revenue provided for the fund upon which they were issued in the year in which the indebtedness they represent was incurred."

In State for Use of First State Bank of Wister v. Board of County Com'rs of Le-Flore County, 177 Okla. 470, 60 P. (2d) 788, this court held:

"The requirements contained in section 1, chapter 49, S. L. 1925, that 'no purchase order or contract shall be valid unless within the appropriation as made for that particular and specific purpose and so certified * * *' and the provision thereof that the keeper of the appropriation records shall 'so certify by signing the purchase order or contract,' were designed and enacted for the purpose of preventing and discouraging expenditures in excess of the income and revenue provided for the current fiscal year. * * *

"Such claim cannot be allowed or warrant issued unless at the time there existed a sufficient unexpended and unincumbered balance of the appropriation, notwithstanding that there may have been a sufficient balance of the appropriation at the time the contract was sought to be entered into."

The holding in the above case was approved and cited with even greater emphasis relative to the contract upon which the claim is based in the later case of Austin Western Road Machinery Co. v. Board of County Com'rs of Hughes County, 178 Okla. 336, 62 P. (2d) 1171, wherein this court held:

"The board of county commissioners are without authority to in any manner ratify and make binding upon the county any contract for the purchase of supplies, material, and equipment, unless it is shown that at the time of the acts relied upon for ratification there is an unincumbered balance of appropriation available for the purpose."

"Board of county commissioners can only act so as to bind county while they are sitting in session as board, individual action by members of board not being binding on county (St. 1931, sections 7647, 7654, 7655)."

Prior to the passage of chapter 49, S. L. 1925, this court had frequently held that if at the time the contract was entered into there was an unexpended balance of appropriation for the purpose, judgment could be entered against the municipality even though the entire appropriation might have been spent for other purposes, thus allowing a municipality each year to exceed its appropriation in violation of section 26, art. 10, of the state Constitution, Buxton & Skinner Stationery Co. v. Board of Com'rs of Craig County, 53 Okla. 65, 155 P. 215; Fairbanks Co. v. City of Sulphur, 62 Okla. 10, 161 P. 811; Consolidated School District No. 2 v. Arlington School Supply Co., 148 Okla. 299, 298 P. 1052.

This rule no longer prevails in this state. Section 5971, O. S. 1931 (S. L. 1931, chapter 32, art. 1, sec. 2) provides:

"The cost of all supplies, material and equipment and the contract price of all public work shall be charged against the appropriation as made by the excise board at the time purchase is made or contract let, and no contract shall be made for the purchase of supplies, material, equipment, or maintenance for any department of county and municipal government during any fiscal year in excess of the estimate and levy as made by the excise board."

The record shows that this provision of the statute was not even attempted to be followed. While it is true, the county clerk certified that the amount of each purchase order was within the unincumbered balance of the appropriation against which the order was issued, the testimony shows that the contract price was never charged against the appropriation as made by the excise board so as to ascertain if there was in fact an unincumbered balance at the time. Neither the purchase orders nor the cer-

tificate of the clerk were dated, and the testimony shows that there was no way of telling when the work was contracted for or whether or not there was any unexpended balance of the appropriation when such contract was made.

The testimony further shows that the appropriation for the fiscal year of 1930-31 was exhausted on June 30, 1931, and that on August 10, 1931, when the claims were dated, there was no available appropriation against which these claims could have been charged.

In City of Sulphur v. State ex rel. Lankford, Bank Commissioner, 62 Okla. 312, 162 P. 744, this court held:

"It is a presumption of law that all public officers perform their duty, and in the absence of clear proof to the contrary this court will refuse to hold that they did not do so in issuing warrants for claims against municipalities. * * *

"A municipal warrant is prima facie evidence of the validity of the claim for which it was issued, and if in an action instituted by the owner and holder thereof, the municipality asserts as a defense a violation of some constitutional or statutory provision, the burden of proof is upon the municipality to clearly establish by competent evidence that at the time the debt was created, for which said warrants were issued, the governing body of the municipality violated the provision of the Constitution or section of the statute relied upon."

In the case of State for Use of First State Bank of Wister v. Board of County Com'rs of Le Flore County, supra, this court said:

"In order to defeat the warrant there must be shown a material omission or violation of the law affecting substantially the material rights of the county or substantially affecting the fiscal policy of the state as declared by the statutes in such manner as to cause grave possibility or probability of financial mismanagement."

The county clerk is clerk of the board of county commissioners and when he failed to charge the contract price for the work to be done in the instant case, if there was a contract entered into, against the appropriation made for the specific purpose, it was impossible to ascertain if there was an unincumbered balance upon which to predicate an indebtedness covered by the purchase orders. In this, the letter and purpose of the law was violated. When the clerk placed his certificate upon the purchase orders to the effect that the amount of the orders was within the unincumbered balance of appropriation against which the order was issued, without giving any date and in the face of the record showing that the entire appropriation was exhausted on June 30, 1931, he acted ill-advisedly and inadvertently and his acts overcome any presumption that he was performing his duty.

When the defendant proved that all of the appropriation for the particular purpose for the fiscal year had been exhausted before the claims upon which the warrants were issued were presented and certified to, the defendant clearly established that both the provisions of the law and Constitution were violated, and substantially affecting the material rights of the county and substantially affecting the financial policy of the state, in authorizing the expenditure of funds in an amount exceeding the income and revenue provided for such year in violation of section 26, art. 10, of the state Constitution.

Finding no evidence to sustain the judgment of the court, the same is reversed and remanded, with instructions that plaintiff's petition be dismissed.

OSBORN, C. J., and RILEY, WELCH, PHELPS, CORN, and HURST, JJ., concur. BAYLESS, V. C. J., and GIBSON, J., absent.