## BOARD OF COM'RS OF TULSA COUNTY v. OKLAHOMA NATURAL GAS CO.

No. 28089.   April 26, 1938.

Dixie Gilmer, County Atty., John F. Conway, Asst. County Atty., and Marie Ownby, for plaintiff in error.

Underwood, Canterbury, Pinson & Lupardus, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court. This action involves the amount alleged to be due for gas furnished by the plaintiff to the defendant for the period beginning the 22nd day of April, 1934, to and including the 22nd day of June, 1934. A portion of the gas was furnished for the courthouse and the remainder for the Tulsa county poor farm. The trial was to the court without a jury, and its finding and judgment was that the claim should be allowed in the sum of $153.50, with interest at the rate of .6 per cent. per annum from the 1st day of July, 1934, until paid, and for all costs of the action.

The suit had been brought for $282.34, on two claims representing what was described as the May and June bill by the plaintiff at the trial. The court found that there was furnished by the said plaintiff gas to the amount of $128.84 which was over and above the amount appropriated for and remaining in the fund to pay for such gas on and after the 1st day of June, 1934, and that there was not on hand sufficient to pay the said amount of $128.84, thus arriving at the amount for which judgment was rendered, to wit, $153.50.

The defendant presents five allegations of error that are:

"1. Error in the assessment of the amount of the recovery in that under the evidence in the case, if the plaintiff was entitled to a judgment for any amount, the judgment should have been for a much lesser amount than the amount for which this judgment was rendered.

"2. The judgment is not supported by sufficient evidence and is contrary to law.

"3. Error of law occurring at the trial and excepted to by the defendant.

"4. Error of court in overruling the demurrer to the plaintiff's petition.

"5. Error of the court in overruling the

demurrer of defendant to plaintiff's evidence."

We hold that the petition states a cause of action, which disposes of the allegation of error as respects the overruling of the demurrer.

The remaining allegations deal with the sufficiency of the evidence to support the judgment. Numerous claims filed and all the tables showing the appropriation for the expenses for Tulsa county were admitted in evidence.

The argument is, briefly that, since the claims were not filed until June 29, 1934, and that at that time the total amount in all of the funds for the payment of gas was $33.69, all that could be allowed in any event is this latter amount.

Defendant relies upon Austin Western Road Machinery Co. v. Board of County Commissioners of Carter County, 160 Okla. 232, 11 P.2d 117, and Board of County Commissioners of Payne County v. Standard Accident Ins. Co., 172 Okla. 355, 45 P.2d 459; Kansas City Southern Ry. Co. v. Marathon Oil Co., 172 Okla. 371, 46 P.2d 356, together with other cases.

We are of the opinion that this case is controlled in principle by Kansas City Southern Ry. Co. v. Marathon Oil Co., supra, and Oklahoma Natural Gas Co. v. City of Enid, 179 Okla. 283, 65 P.2d 440.

In Kansas City Southern Ry. Co. v. Marathon Oil Co., supra, the court said:

"The act then declares: '* * * No purchase order or contract shall be valid unless within the appropriation as made for that particular and specific purpose and so certified by the officer charged with keeping the appropriation and expenditure records of the county or municipality.'

"Of the like provision in section 1, of chapter 49, S. L. 1925, this court, in Western Paint & Chemical Co. v. Board of Commissioners of Washington County, 171 Okla. 302, 42 P.2d 533, said: 'That was wholesome legislation designed to prevent the very thing here presented, i. e., a dual contract in value against a single sum appropriated and a resulting payment of one contract by warrants and the other by judgment.'"

See in this connection the recent case of Board of County Commissioners v. Oklahoma Creosoted Lbr. & Piling Co., 181 Okla. 561, 75 P.2d 1093. In Oklahoma Natural Gas Co. v. City of Enid, supra, we said:

"Assuming, but not deciding, that there was an implied contract between the parties under which plaintiff was to furnish gas to defendant and defendant was to pay for the gas so furnished, a contract so indefinite in its terms as not to disclose the amount to be paid out thereunder is incapable of being charged against the particular appropriation as required by sections 5970-5972, O. S. 1931. Here, if a contract existed, the amount to be paid out thereunder was uncertain until claim was filed. Hence no liability under the alleged contract could attach to the municipality until claims were filed, and then only if the claims were drawn against an existing, unexpended appropriation made and approved for the purposes for which the claims were drawn."

We are of the opinion, and hold, that there is no competent evidence that the funds were on hand when the claim was filed except to the extent of $33.69.

The judgment of the trial court is reversed and remanded, with directions to vacate the judgment rendered and to enter judgment for plaintiff for $33.69, the amount defendant admits was on hand on the date the claim was presented.

Reversed and remanded, with directions.

BAYLESS, V. C. J., and CORN, GIBSON, HURST, and DAVISON, JJ., concur.