### BOARD OF COM'RS OF PONTOTOC COUNTY et al. v. CAMPBELL.

No. 29844. July 8, 1941.

*115 P. 2d 256.*

er 

Carloss Wadlington, County Atty., and J. W. Dean, Asst. County Atty., both of Ada, for Board of County Com'rs of Pontotoc County.

Cruce, Satterfield & Grigsby, of Oklahoma City, for interveners.

H. F. Mathis, of Ada, for defendant in error.

RILEY, J.  J. E. Campbell, as claimant and as assignee and trustee for other claimants, secured a judgment against the board of county commissioners of Pontotoc county in the sum of $1,170.25 and interest. The judgment was based on claims for labor chargeable against the county highway fund for the fiscal year 1937-38. The labor had been performed for the most part in the months of May and June. The claims were duly filed within the year but disallowed on February 13, 1939.

The defendant board of county commissioners and interveners, trustees of St. Louis & S. F. Ry. Company, appeal and present errors based upon the trial court's actions in overruling defendant's demurrer to plaintiff's evidence and in overruling its motion for judgment at the conclusion of the trial to the court.

It is conceded that the rule stated in Trudgeon v. Board of County Com'rs of McClain County et al., 180 Okla. 83, 68 P. 2d 82, is applicable to the issue of law presented. It is:

"In an action against a county on a claim for work and labor, proof of an unencumbered balance of specific appropriation at time of contract is an essential element of right to recover, and failure to make such proof is sufficient ground to deny recovery."

It is further agreed that there was no attempt to comply with the purchase order law, chapter 32, art. 1, S. L. 1931, secs. 5970-5975, O. S. 1931, 62 Okla. Stat. Ann. §§ 311-316. But under our decisions, recovery on claims for labor performed on the county highway is not precluded provided there exists an unencumbered balance, at the time of the contract, specifically appropriated for the purpose. Board of Com'rs of Carter County v. Landrum, 163 Okla. 199, 21 P. 2d 736; State for Use of First State Bank of Wister et al. v. Board of County Com'rs of Le Flore Co., 177 Okla. 470, 60 P. 2d 788; Trudgeon v. Board of County Com'rs of McClain County et al., supra.

The appropriation for the county highway fund, under consideration, contained items for "maintenance of roads and bridges $69,950" and "construction of roads $25,000." Thus providing an original total sum appropriated in the amount of $94,950 subject to expenditure for the purpose stated in the claims considered. However, it appears from the audit in evidence that warrants were issued to pay such claims, chargeable against the items to the extent that there existed a deficit in the items of $10,332.06.

Supplemental appropriations were made, but the itemization of these supplemental appropriations was so varied, ranging from "maintenance" to purchase of "supplies and machinery," that, assuming the itemization sufficient, funds derived therefrom might as well be devoted to payment of needs falling within other items of the original appropriation as to the purpose for which these claims under consideration are classified.

The sum total of two of these supplemental appropriations was $19,164.64 and it was used to pay claims falling within other items of the original appropriation.

These other items are agreed to be such as:

Purchase of tools, trucks and other equipment."

"Maintenance of tools, trucks and other equipment."

"Gasoline, oil and grease."

The total sum supplementally appropriated fell short in the amount of $58.85 to pay such claims.

There was a third supplemental appropriation sought to be made. It was in the amount of $12,428.37, but notice of application for it was not published until July 1, 1938, and the order purporting to allow it was not entered until July 16, 1938, whereas the fiscal year had previously closed. It is well settled that funds received by a municipality in any one fiscal year cannot be used to pay indebtedness incurred in a previous fiscal year. Gulf Pipe Line Co. v. County Treasurer of Tulsa County, 110 Okla. 163, 236 P. 896; Coggeshall & Co. v. Smiley, Co. Treas., 142 Okla. 8, 285 P. 48; Protest of Chicago, R. I. & P. Ry. Co., 151 Okla. 43, 2 P. 2d 279.

In Gallion v. Excise Board of Oklahoma County, 171 Okla. 76, 42 P. 2d 508, it was the view that any balance existing in the appropriation items at the close of the fiscal year became a fund applicable to appropriations for the ensuing fiscal year. That rule is applicable here despite the fact that by law, section 12680, O. S. 1931, 68 Okla. Stat. Ann. § 292, amended chapter 66, art. 18, p. 476, S. L. 1936-37, the excise board may convene at any time for the purpose of making supplemental appropriations. By the act cited, the authority is limited to "current expense purposes." In Board of County Com'rs of Osage County et al. v. Prentice, 183 Okla. 542, 83 P. 2d 557, a condition required for validity of a supplemental appropriation with which to pay the excessive part of a contract for printing was completion of the supplemental appropriation "in the same fiscal year." Under this rule the third supplemental appropriation sought to be made failed.

There was evidence that the unpaid labor claims amounted to $9,869.68 and defendant in error seeks to clear these against what is said to be an existing balance in the specific fund appropriated, under the view that provisions of the purchase order law, hereinabove cited, apply to all unpaid claims against the county highway fund except claims for labor.

It is readily apparent that with failure of the third supplemental appropriation sought to be made and in view of the total of labor claims above set forth forming a part of approximately $55,000 in claims disallowed against the whole appropriation for county highway purposes and with a substantial deficit in the particular two items of the fund against which these claims might otherwise have been charged, defendant in error has failed to establish an unencumbered balance in the specific items appropriated with which to pay the claims for labor forming the basis of the judgment.

Judgment reversed, cause remanded for proceeding consistent with views herein expressed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. DAVISON, J., dissents.