BOARD OF COUNTY COM'RS OF PONTOTOC COUNTY et al. v. WITHERSPOON.

No. 29845. July 8, 1941.

Rehearing Denied Sept. 9, 1941.

*116 P. 2d 719.*

Carloss Wadlington, County Atty., J. W. Dean, Asst. County Atty., Si Freeman, and Wayne Lewis, all of Ada, and Cruce, Satterfield & Grigsby, of Oklahoma City, for plaintiffs in error.

Warren B. Kice, of Ada, for defendant in error.

RILEY, J.   J. G. Witherspoon, as assignee of 39 disallowed claims against the county highway fund of Pontotoc county for the fiscal year 1937-38, secured a judgment in the sum of $1,931.08 with interest against plaintiff in error, defendant below. These claims were: For gasoline and oil, $1,013.31; piling, $33; lumber, $58.10; labor performed on county highway during the latter part of the fiscal year, $826.67.

The defendant board of county commissioners and interveners, trustees of St. Louis & S. F. Ry. Company, appeal as in the companion case this day decided (Board of County Com'rs of Pontotoc County v. Campbell, 189 Okla. 208, 115 P. 2d 256), and present assignments of error based upon action of the trial court in overruling defendant's demurrer to plaintiff's evidence and in overruling defendant's motion for judgment at the close of the trial to the court.

The burden was upon plaintiff below to establish by the evidence an unexpended balance of an appropriation for the purpose for which the claims existed. Trudgeon v. Board of County Commissioners of McClain Co., 180 Okla. 83, 68 P. 2d 82; Board of County Commissioners of Tulsa County v. Colored Hospital Ass'n, 181 Okla. 357, 73 P. 2d 833. The claims were disallowed with others totaling approximately $55,000 after the close of the fiscal year.

There was no compliance with the purchase order law, sections 5970-5975, O. S. 1931, 62 Okla. Stat. Ann. §§ 311-316, and as a consequence of our decision in Kansas City Southern Ry. Co. v. Marathon Oil Co., 172 Okla. 371, 46 P. 2d 356, all of the claims presented, with possibly the exception of those for labor, must fail. In the cited case, it was held the validity of such claims was dependent upon a balance of the specific appropriation and compliance with the purchase order law.

Moreover, as applied to the purchase of materials for which claims are made, it appears that no contract was ever executed with the board of county commissioners, but that the individual commissioner acted under the practice condemned and held illegal in Board of County Com'rs of Pontotoc County v. Carey, Lombard, Young & Co., 178 Okla. 13, 61 P. 2d 736.

There were five items of the county highway fund appropriation against which these claims might have been lodged; they are:

"Purchase of Tools, trucks, other Equipment; Maint., Tools, Trucks, Other Equipment; Gasoline, Oil & Grease; Maintenance, Roads & Bridges; Construction of Roads;"

The sums appropriated under these five items had been exceeded on May 2, 1938, in the total sum of $13,876.14. On that date a supplemental appropriation was made in the amount of $2,141.13 and it was in a lump sum for the five items enumerated; with deduction of the amount so supplementally appropriated there remained an over-expenditure of $11,662.21 against these items of the fund. Warrants in the amount of

$5,393.74 appear to have been issued against these five items prior to June 6, 1938. Thus there was a total over-expenditure of $17,055.98 in these items of the fund when, on the date last mentioned, the second supplemental appropriation was made in the sum of $17,023.51, leaving a deficit in the fund of $58.85.

We have held in the companion cause that the funds sought to be supplementally appropriated after the close of the fiscal year were not available for the purposes of paying such claims as are now presented, but go to support the appropriation for the ensuing fiscal year. That rule applies to this cause.

It is also obvious that these claims for materials, supplies, and labor used on the county roads must each come under some one of the five items heretofore set out as forming a part of the county highway fund. No one of these claims could be allocated to other items of the fund such as: Compensation insurance, postage, interest on warrants, etc., and this discloses a fallacy in the calculation of plaintiff below wherein he assumes the sum total of the funds sought to be appropriated, inclusive of items that could not properly go to pay his claims, to deduct therefrom warrants issued so as to leave a balance in the general fund.

As in Boyd Co. v. Blachly, 171 Okla. 626, 43 P. 2d 462, the fact that "there were certain funds in the hands of the county treasurer derived from automobile license tax, gasoline excise tax, and gross production tax, is immaterial," for these funds had never been appropriated. It is the rule that such unappropriated money may not be devoted to pay claims.

In Graves v. Board of County Com'rs of Cimarron County, 170 Okla. 282, 39 P. 2d 532, it was said:

"We observe what at first glance appears to be the unfairness to plaintiff of a denial of payment for services actually performed. But we are bound in this matter to a consideration of fairness to the body of taxpayers, who would be required to pay any judgment granted plaintiff, and we are controlled by the law which requires any person seeking to recover money from the public treasury to point directly to his clear legal right to it before he may prevail."

The plaintiff below wholly failed for his recovery against the county to show the prerequisite of an unexpended appropriation existing for the purpose for which the claims were filed.

Judgment reversed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. DAVISON, J., dissents.