BOARD OF COUNTY COM'RS OF OKMULGEE COUNTY v. MING et al.

No. 31352. March 13, 1945.

*156 P. 2d 820.*

L. A. Wallace, County Attorney, and C. M. Gordon, Asst. County Attorney, both of Okmulgee, for plaintiff in error.

E. F. Maley and Hiatt & Hanniggan, all of Okmulgee, for defendants in error.

WELCH, J.   On June 27, 1939, defendants in error filed claim against Okmulgee county for medical and hospital services rendered to nine different persons during the fiscal year 1938-39. As to the nine separate items, in one the service was rendered in September, 1938. There followed one in November, 1938, two in January, 1939, one in March, 1939, three in April, 1939, and the ninth one in May, 1939. One member of the board of commissioners had verbally authorized each particular service at the time of rendition thereof.

It was stipulated that at the time of the rendition of each separate service there remained a sufficient unexpended and unencumbered balance of appropriation in an appropriate fund for the payment thereof.   On June 27, 1939, the date of filing claim, such appropriation had been otherwise exhausted. No other or prior presentation of any item of the claim had been made to the board of commissioners, and no character of compliance with the purchase order law is shown.

The claim was disallowed by the board of county commissioners, whereupon in June, 1941, claimants brought this suit to recover money judgment against the county.   Trial resulted in judgment for plaintiffs as demanded, from which judgment the defendant, board of county commissioners, appeals.

The claimants in support of the judgment say that all of the items of the claim represented performance of emergency services, and rely upon Board of Commissioners of Garfield County v. Enid Springs Sanitarium & Hospital, 116 Okla. 249, 244 P. 426, as determinative of this appeal in their favor.   Paragraph 3 of the syllabus in that case is as follows:

"The general rule is that in cases of emergency attendance of a pauper, a physician may hold the county liable although he acted without the request or the consent of the persons designated by statute as overseers of the poor, where such poor person requires the immediate attention of a physician who renders services to relieve the necessity; and where it appears that the board of county commissioners was not in session at the time, and that notice could not have been given to the board of county commissioners before rendering necessary medical and surgical services, the physician and surgeon may recover reasonable compensation from the county within the limit of the fund provided by law for such purpose."

It is to be observed therefrom that recovery may be had ". . . within the limit of the fund provided by law for such purpose."

In discussing the duties of the county

commissioners as overseers of the poor, and the liability of a county in respect to emergency hospitalization of poor persons, we said in Board of Commissioners of Tulsa County v. Colored Hospital Ass'n, 181 Okla. 357, 73 P. 2d 833: ". . . No duty exists to such an extent that the usual limitations on expenditures may be disregarded. . . ." The conclusion therein and the cases cited fully support that statement as applicable to claims based upon alleged emergency services, and such as are present here. But the claimants contend that it is sufficient to satisfy the rule to the effect that expenditures shall not exceed appropriations when it is shown that there was a sufficient balance of unexpended and unencumbered appropriations at the time the services were performed. Such was the settled rule prior to the enactment of section 1, ch. 49, S.L. 1925. The opinion in the Enid Springs Sanitarium and Hospital case, supra, affirmed judgments bearing interest from January 14, 1924, and October 2, 1922, thus disclosing that decision to be based upon services performed prior to the 1925 enactment of the so-called purchase order law, now appearing as amended in respects not material here, as 62 O.S. 1941 § 311. No decision of this court is called to our attention which allows a money judgment against a county upon a voluntary indebtedness or contract, since the time of such enactment, in the absence of some action constituting compliance with the purpose of that act. This type of indebtedness is voluntary and is existent only when imposed by action and contract of the board of county commissioners. Board of Commissoiners of Tulsa County v. Morningside Hospital, 175 Okla. 242, 51 P. 2d 928. And compliance with the purchase order law must be had before a fully matured obligation exists sufficient to support a money judgment against the county. See discussion in State v. Board of County Commissioners of Leflore County, 177 Okla. 470, 60 P. 2d 788. A specifiic amount and sum certain must be shown charged in some effective manner upon the appropriation and expenditure records of the county, at a time when a sufficient balance thereof remains, otherwise a money judgment is not sustained. Oklahoma Natural Gas Corporation v. City of Enid, 179 Okla. 283, 65 P. 2d 440.

Positive liability of the county to pay accrues only when a sufficient amount of unexpended and unencumbered appropriations becomes earmarked upon the county records for the payment of some specific item. Board of Commissioners of Tulsa County v. Colored Hospital Ass'n, supra.

Here no appropriate action was taken by any person to procure ratification of claimants' acts and to affect the earmarking of any part of the appropriations.

We have many times held that the purchase order law was designed to prevent expenditures in excess of appropriations and the income and revenue provided for the fiscal year. The rendition of judgments such as this is in disregard of the intent and purpose of such statute, and of the many opinions of this court in the premises. It promotes the innocent overexpenditure of appropriations and would aid and encourage the deliberate overexpenditure thereof, in amounts the limits of which cannot be foretold.

Judgment reversed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, CORN, DAVISON, and ARNOLD, JJ., concur.