COUNTIES — CITIES — PROVIDING TRANSPORTATION FOR AGED, INFIRM OR UNFORTUNATE INHABITANTS Under the authority of Article XVII, Section 3 of the Oklahoma Constitution, a board of county commissioners may lawfully expend funds of the county for the purpose of providing transportation to inhabitants of the county who, by reason of age, infirmity, or misfortune, may have claim upon the sympathy and aid of the county. The general funds of the county may not be appropriated by a county excise board to a private entity. However, funds appropriated by a county excise board to the charity fund of a county may be lawfully expended by a board of county commissioners for the purpose of providing transportation to inhabitants of a county who, by reason of age, infirmity, or misfortune, may have claim upon the sympathy and aid of the county under the authority of Article XVII, Section 3 of the Oklahoma Constitution. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: May a county or city expend money for the purpose of providing transportation to aged, infirm or unfortunate inhabitants of a county or city? That portion of your question wherein you inquire concerning whether or not cities may expend money in providing transportation services depends to a great extent upon charter provisions of the city in question. A resolution of the question as it relates to cities requires a reference to the charters of the various cities the interpretation of which is outside the purview of an Attorney General's opinion. As to whether a county may expend funds for the purpose of providing transportation to aged, infirm or unfortunate persons, your attention is directed to Article XVII, Section 3 of the Oklahoma Constitution, which provides: "The several counties of the state shall provide, as may be prescribed by law, for those inhabitants who, by reason of age, infirmity, or misfortune, may have claims upon the sympathy and aid of the county." The above section of the Constitution was construed at 4 Okl. Op.A.G. 453 (Opinion No. 71-416), wherein the following language appears: "Boards of county commissioners may expend funds appropriated to the charity fund of the county to purchase blood for those inhabitants of the county, who, by reason of age, infirmity or misfortune, may have claims upon the aid of the county." In your request, you refer to Article X, Section 17 of the Oklahoma Constitution which, generally speaking, provides that the Legislature shall not authorize any county or other subdivision to appropriate money to a private corporation. There is no question that a direct appropriation by the county excise board to a private corporation is prohibited by the Constitution. This position is supported by the case of Veterans of Foreign Wars v. Childers, 197 Okl. 331, 171 P.2d 618 (1946), wherein the following language appears: "And it is the consensus of opinion in all of the jurisdictions that public money may not be appropriated to a private corporation or organization, operating entirely without governmental supervision or control, no matter how wholesome may be the purpose or function of said organization, nor how beneficial its activities may be to that portion of the public with which it comes in contact." (Emphasis added) However, nothing in Article X, Section 17 precludes a county from acquiring services from a private entity for the benefit of the aged, infirm or unfortunate inhabitants of the county on a contract basis. Title 19 O.S. 1 [19-1] (1971) provides in pertinent part: "Each organized county within the state shall be a body corporate and politic and as such shall be empowered for the following purposes: "4. To make all contracts and do all other acts in relation to the property and concerns of the county necessary to the exercise of corporate or administrative power. In light of the express constitutional provision that the county shall provide for those inhabitants, who, by reason of age, infirmity, or misfortune, may have claims upon the sympathy and aid of the county, it is obvious that by entering into a contract based upon an adequate consideration the county commissioners can provide transportation to persons in the above-mentioned categories. It has long been recognized by the Oklahoma Supreme Court that the positive provisions of the Constitution are mandatory and not merely directory, and that the affirmation of a distinct policy upon any specific point in the State Constitution implies the negation of any power in the Legislature to establish a different policy. Board of Commissioners of Logan County v. State, ex rel. Short, Attorney General, Okl.,254 P. 710 (1927). The Logan County case, supra, was construed in an Attorney General's opinion issued February 20, 1929. In that opinion, the Attorney General referred to the role of the commissioners as "overseers of the poor" and specifically held that under Article XVII, Section 3 of the Oklahoma Constitution, the county could bear the expense of transporting insane persons from the county in which they were adjudged insane to the state hospital. In the case of Board of Commissioners of Tulsa County v. Colored Hospital Association, Okl., 73 P.2d 833 (1937), the following language appears at Syllabus 1 by the Court: "The county commissioners are overseers of the poor in their respective counties, and they must either authorize or ratify performance of services done by others for indigent poor before the county can be held liable. And a claimant cannot recover from the county unless the liability of the county became fixed while there was a sufficient remaining balance of the appropriation for that purpose." The above case clearly recognizes that the county commissioners may enter into a contract for the performance of services on be half of aged, infirm or unfortunate persons of the county. The Legislature evinced its intent that county funds could be expended for "support, maintenance, surgical and medical attention and necessary medicine and hospitalization and transportation of poor and insane, prisoners, and widows; neglected children, crippled children," in 68 O.S. 24112 [68-24112] (1971), and funds for these purposes may be spent at any time even though the protest period for the payment of ad valorem taxes has not yet run. Services of the kind contemplated in your request are obviously includable within the above language of 68 O.S. 24112 [68-24112]. Many prior opinions and decisions concerning "transportation" of persons using county funds have turned on the issue of whether or not "county road funds" could be used. It is assumed that in your request you do not refer to the expenditure of county road funds for the purposes stated, but refer to the general funds of the county appropriated by the excise board to the charity fund to enable the board of county commissioners to provide for inhabitants of the county who, by reason of age, infirmity or misfortune, may have claims upon the sympathy and aid of the county. It is, therefore, the opinion of the Attorney General that your request be answered in the following manner: Under the authority of Article XVII, Section 3 of the Oklahoma Constitution, a board of county commissioners may lawfully expend funds of the county for the purpose of providing transportation to inhabitants of the county who, by reason of age, infirmity, or misfortune, may have claim upon the sympathy and aid of the county. The general funds of the county may not be appropriated by a county excise board to a private entity. However, funds appropriated by a county excise board to the charity fund of a county may be lawfully expended by a board of county commissioners for the purpose of providing transportation to inhabitants of a county who, by reason of age, infirmity, or misfortune may have claim upon the sympathy and aid of the county under the authority of Article XVII, Section 3 of the Oklahoma Constitution. (LARRY DERRYBERRY) (ksg)